IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS HAWKINS, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 16-885 |
| | ) Magistrate Judge Cynthia Reed Eddy |
| SUPERINTENDENT OF SCI FAYETTE, et al., | ) |
| Respondents. | ) |

## ORDER

**AND NOW**, this **8th day of August, 2016**,

IT IS ORDERED that the United States Marshal shall make service of this order, together with a copy of the petition upon the District Attorney of Allegheny County, Pennsylvania, The Warden of SCI Fayette, and the Attorney General of the Commonwealth of Pennsylvania. Service shall be by certified mail, all costs advanced by the United States.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of service of this order, the Respondent and the District Attorney file an Answer to the Petition for Writ of Habeas Corpus. In addition, a courtesy hard copy of all documents that were electronically filed should be submitted directly to the undersigned.

**IT IS FURTHER ORDERED** that Respondent's Answer must comply with the Rules Governing Section 2254 Proceedings for the United States District Courts (Federal 2254 Rules), the Local Rules for the United States District Court for the Western District of Pennsylvania and the Court's Electronic Case Filing Policies and Procedures.

Specifically, Rule 5 of the Federal 2254 Rules provides as follows.

**Rule 5. The Answer and the Reply**

**(a) When Required.** The respondent is not required to answer the petition unless a judge so orders.

**(b) Contents: Addressing the Allegations; Stating a Bar.** The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. **IN ADDRESSING PROCEDURAL DEFAULT, RESPONDENT MUST CONSIDER THE APPLICATION OF MARTINEZ V. RYAN, 2012 WL 912950 (U.S. March 20, 2012).**

**(c) Contents: Transcripts.** The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. <u>The respondent must attach to the answer parts of the transcript that the respondent considers relevant.</u> The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

**(d) Contents: Briefs on Appeal and Opinions.** <u>The respondent must also file with the answer a copy of:</u>

><u>**(1)** any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;</u>

><u>**(2)** any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and</u>

><u>**(3)** the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.</u>

**(e) Reply.** The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge.

Federal 2254 Rule 5 (underline emphasis added).

Further, Local Rule 2254 "**ACTIONS UNDER 28 U.S.C. § 2254,**" provides as follows.

**A. Scope.**

> **1.** These rules shall apply in the United States District Court, Western District of

Pennsylvania, in all proceedings initiated under 28 U.S.C. § 2254. In addition to these rules, all parties also should consult 28 U.S.C. § 2254 and the applicable provisions of the federal *habeas corpus* statute at 28 U.S.C. §§ 2241-2266, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132, effective April 24, 1996.

**2.** These Local Rules are intended to supplement, when necessary, the corresponding rules promulgated by the United States Supreme Court that are entitled "Rules Governing Section 2254 Proceedings for the United States District Courts." Those rules are cited herein as "the Federal 2254 Rules," and a specific Federal 2254 Rule is cited as "Federal 2254 Rule ___." All parties should consult the Federal 2254 Rules at the commencement of litigation to ensure compliance with the Federal 2254 Rules, as supplemented by these Local Rules. In filings submitted to this Court, these Local Rules shall be cited as "LCvR 2254.___."

. . .

### E. The Answer and the Reply.

#### 1. The Answer.

**a. When Required.** Upon the directive of the Court, the respondent shall file an Answer to the petition in a form consistent with LCvR 2254.E.1.b-f. The Respondent may, within the time frame permitted by the Court for the filing of the Answer, file a motion to dismiss if the respondent believes that there is a clear procedural bar to the action, such as the failure to exhaust, statute of limitations, abuse of the writ, and/or successive petitions. A motion to dismiss need not be in a form consistent with LCvR 2254.E.1.b-f. However, such a motion must be accompanied by a certified copy of all relevant state Court records.

**b. Contents.** <u>The Answer is more than just a responsive pleading that simply admits or denies the allegations contained in the petition.</u> In *habeas* petitions challenging a state conviction/sentence, the Answer shall contain a discussion of the relevant procedural and factual history of all state proceedings, including the state Court trial, direct appeal, and post-conviction proceedings. In *habeas* petitions challenging state parole proceedings, the Answer shall contain the relevant procedural and factual history of the parole proceedings and any state Court proceedings which related to the parole proceedings.

The Answer also shall address procedural issues, the merits of the petition, and shall contain accompanying legal argument and citation to appropriate authorities. <u>All assertions of historical or procedural facts shall be accompanied by citations to the state Court record and shall appear in a style comporting with the designations employed in the index of materials prepared in accordance with</u>

LCvR 2254.E.1.d.

**c.** The respondent must also provide the Court with a certified copy of all relevant transcripts of the state trial and post-conviction proceedings; relevant documentary evidence admitted at those proceedings; briefs submitted by either party to any state Court relating to the matter; opinions and dispositive orders of the state Court or agency; other relevant state Court/agency records; and a certified copy of the docket sheets of all the state Courts/agencies involved. Care should be taken so that all items are photocopied accurately, legibly, and in full.

**d.** <u>The respondent shall also submit an index of all material described in LCvR 2254.E.1.c. The pages of the records must be sequentially numbered so that citations to those records will identify the exact location where the information appears</u>.

**e.** If any item identified in LCvR 2254.E.1.c is not available at the time the respondent submits an answer, the respondent shall notify the Court that the item is unavailable. Once the item becomes available, the respondent shall provide a supplemental lodging of the item and index within 21 days of its availability.

**f.** As set forth in this Court's "Electronic Case Filing Policies and Procedures," in addition to the items that must be filed electronically with the Answer, a respondent shall also submit the original state Court records, or a certified complete copy of those records. The records shall be submitted in the traditional manner on paper. The Clerk of Court shall note on the docket that the original state Court records have been received. State Court records are not part of this Court's permanent case file and will be returned to the appropriate state Court upon final disposition, including appeals.

LCvR 2254.E (emphasis added).

Finally, the Court's Electronic Case Filing Policies and Procedures, Section 7, provides as follows.

7. Attachments and Exhibits.

A Filing User must submit in electronic form all documents referenced as exhibits or attachments in accordance with the court's ECF User Manual, unless otherwise ordered by the court. A Filing User shall submit as exhibits or attachments only those excerpts of the referenced documents that are directly germane to the matter under consideration by the court. Excerpted material must be clearly and prominently identified as such. Filing Users who file excerpts of documents as exhibits or attachments under this rule do so without prejudice to their right to timely file additional excerpts or the complete document. Responding parties may timely

file additional excerpts or the complete document that they believe are/is directly germane.

In accordance with the Rules Governing Habeas Corpus, our Local Rules and our Electronic Case Filing Policies, Respondent is required to electronically file all exhibits that are required to be filed in its Answer. Respondents' noncompliance with the above authorities may result in sanctions.

**IT IS FURTHER ORDERED** that the Petitioner shall immediately advise the Court of any change in address. Failure to do so may result in dismissal for failure to prosecute if the Court and other parties are unable to serve pleadings, orders and other documents upon Petitioner.

**IT IS FURTHER ORDERED** that the parties are allowed fourteen (14) days from this date to appeal this order to a district judge pursuant to Rule 72(C)(2) of the Local Rules of the United States District Court for the Western District of Pennsylvania. Failure to appeal within fourteen (14) days will constitute waiver of the right to appeal.

/s/ Cynthia Reed Eddy
CYNTHIA REED EDDY
United States Magistrate Judge