# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS HAWKINS, | ) | Civil Action No. 2: 16-cv-0885 |
| | ) | |
| Petitioner, | ) | Chief United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| SUPERINTENDENT OF SCI FAYETTE, | ) | |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Travis Hawkins ("Petitioner" or "Hawkins"), in which he is challenging the judgment of sentence imposed on him by the Court of Common Pleas of Allegheny County, Pennsylvania, on February 8, 2011. Respondents have filed their Answer to the Petition (ECF No. 16), in which they raise, *inter alia*, the defense of the AEDPA statute of limitations. Respondents also provided the Court the state court record from the Court of Common Pleas of Allegheny County. Approximately nine months after the Answer had been filed, Petitioner filed a Reply (ECF No. 25). The mater is ripe for disposition.

For the reasons set forth below, the petition for writ of habeas corpus will be dismissed as untimely, and a certificate of appealability will be denied.

---

[1]. In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. jurisdiction by a United States Magistrate Judge. *See* ECF Nos. 12 and 20.

1

## I. Procedural History[2]

Hawkins, after a jury trial, was convicted on one count each of Second Degree Murder, Robbery, Carrying a Firearm Without a License, and Criminal Conspiracy, on October 8, 2010, in the Court of Common Pleas of Allegheny County. On February 8, 2011, Hawkins was sentenced as follows: At Count 1, Second Degree Murder, life imprisonment; at Count 3, Carrying a Firearm Without a License, a term of incarceration of not less than thirty (30) months nor more than sixty (60) months, consecutive to Count 1; and at Count 4, Criminal Conspiracy, a term of incarceration of not less than one hundred and fifty (150) months nor more than three hundred (300) months, consecutive to Count 3. Hawkins received no further penalty at the remaining count.

Subsequently, Hawkins timely filed a direct appeal of his judgment of sentence with the Superior Court of Pennsylvania. On May 10, 2012, the Superior Court of Pennsylvania affirmed Hawkins's judgment of sentence of the Court of Common Pleas of Allegheny County. On October 16, 2012, the Pennsylvania Supreme Court denied Hawkins's request for a petition for allowance of appeal ("PAA"). Hawkins did not file a petition for writ of certiorari with the United States Supreme Court. His judgment, therefore, became final on January 14, 2013, ninety (90) days after the PAA was denied.

On October 25, 2013, Hawkins filed a timely pro se petition for post-conviction collateral relief under the Post-Conviction Relief Act ("PCRA"). The PCRA court conducted an evidentiary hearing October 15, 2014, and by Order dated October 20, 2014, granted in part and

---

[2] The factual background of Hawkins's criminal case is not relevant to the Court's determination of whether the Petition was filed in a timely fashion. However, the factual background may be found in Respondents' Answer. (ECF No. 16).

denied in part the PCRA petition.[3] (ECF No. 18-5). Hawkins appealed and on December 11, 2015, the Superior Court affirmed the PCRA court's judgment. The Pennsylvania Supreme Court denied Hawkins's PAA on March 23, 2016.

On June 20, 2016, Hawkins filed *pro se* in this Court a motion for leave to proceed *in forma pauperis*, with an attached petition for writ of habeas corpus, which petition was not signed or dated. Because the motion did not have the proper financial documentation, on June 22, 2016, the Court dismissed without prejudice the motion and administratively closed the case.[4] The Court also informed Hawkins that his Petition was not signed or dated as required by Rule 2(c)(5) of the Rules Governing Section 2254 cases. (ECF No. 2). On June 28, 2016, Hawkins submitted a second motion for leave to proceed in forma pauperis. However, the motion was denied on July 5, 2016, as his submission revealed that he had sufficient funds to pay the $5.00 filing fee. (ECF No. 6). On August 4, 2016, Hawkins paid the filing fee in full (ECF No. 7) and the Petition was filed. (ECF No. 8).

Respondents filed an Answer on September 8, 2016, in which they argue that the petition is untimely and cannot be rendered timely by equitable tolling the statute of limitations, and, in any event, Hawkins's claims are without merit. (ECF No. 16). Approximately nine (9) months

---

[3] The PCRA Court determined that Hawkins's sentence at Count 4 was improper as it was in excess of the maximum sentence for Robbery. Hawkins was resentenced at Count 4 to a sentence of 48 to 96 months, to be served consecutive to the other sentences imposed. The resentencing at Count 4 on October 15, 2014, does not alter the date that Hawkins's judgment of sentence becomes final. Under Pennsylvania law, the PCRA resentencing had no effect on the date that Hawkins's judgment of sentence became final. *Commonwealth v. McKeever*, 947 A.2d 782, 786 (Pa. Super. 2008). The PCRA resentencing neither restored Hawkins's direct appeal rights nor disturbed his conviction, but only affected his sentence at Count 4.

[4] In its Order, the Court explained that "an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations bar if it was original timely filed." ( ECF No. 2).

later, on June 21, 2017, Hawkins filed a Reply to the Respondents' Answer; however, instead of explaining why the statute of limitations should be tolled in the case, he largely focuses on the substance and merits of his claims. (ECF No. 25). The matter is ripe for disposition.

## II. Discussion

### A. Timeliness

The federal habeas statute, 29 U.S.C. § 2241, *et seq.*, establishes a strict one-year time limitations period for a state prisoner to file a federal habeas petition. Generally, the limitations period begins to run on the date the judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final at the conclusion of direct review or upon the expiration of time for seeking such review. *Id.; see Gonzales v. Thaler*, 565 U.S. 134 (2012). One of the following alternative start dates, however, may apply:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D). Furthermore, the AEDPA limitations period is subject to both statutory and equitable tolling. *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The Court will address each in turn.

#### 1. *Statutory Tolling*

The applicable starting point for the statute of limitations in this case is the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Hawkins was sentenced on February 8, 2011. His judgment of sentence became

final on January 14, 2013. Hawkins had one year from January 14, 2013, or until January 14, 2014, to file a PCRA collateral appeal or federal habeas petition.

On October 25, 2013,[5] Hawkins filed his PCRA petition, which tolled the AEDPA statute of limitations with eighty-one (81) days remaining until it expired. The statute of limitations remained tolled until the completion of the collateral review process. *See* 28 U.S.C. § 2244(d)(2). Thus, Hawkins's tolling period ended on March 23, 2016, when the Pennsylvania Supreme Court denied his PAA.[6] Consequently, Hawkins was required to file his habeas corpus petition within the remaining eighty-one (81) days, or on or before June 13, 2016.[7]

Hawkins filed his pro se § 2254 on June 20, 2016, seven days after his AEDPA statute of limitations expired.[8] As noted *supra*, Hawkins did not sign and date his habeas petition and he

---

[5] Respondents, in both their Answer and Supplemental Answer, state that Hawkins's PCRA petition was filed on October 20, 2013. However, October 20, 2013, was a Sunday. The docket of the case, Exhibit 17-1, reflects that the PCRA petition was filed on October 25, 2013. Additionally, the October 25, 2013, filing date is also referenced in the counseled Amended PCRA Petition, which states in relevant part: "On October 25, 2013, Defendant, pro se, filed a Motion for Post Conviction Relief . . . ." (ECF No. 18-2 at 3, ¶ 13), and in the PCRA Court's Opinion filed July 14, 2015 ("On October 25, 2013, Petitioner filed a pro se PCRA petition.") (ECF No. 18-5 at 22).

[6] Hawkins is not afforded an additional 90 days in which he could have filed a Petition for Writ of Certiorari with the U.S. Supreme Court after the Pennsylvania Supreme Court denied his PAA of his PCRA petition on March 23, 2016. This extra 90-day period only applies to <u>direct appeals</u> when a petitioner files a PAA with the PA Supreme Court. It does not apply to collateral appeals. *See LaCava v. Kyler*, 398 F.3d 271, 274 (3d Cir. 2005) ("the time during which a state prisoner may file certiorari petition in the United States Supreme Court from the denial of state post-conviction petition does not toll statute of limitations").

[7] Because eighty-one days from March 23, 2016, fell on Sunday, June 12, 2016, the limitations period expired the next day that was not a Saturday, Sunday, or legal holiday, here Monday, June 13, 2016. *See* Fed.R.Civ.P. 6(a)(1)(c); *see also Wilson v. Beard*, 426 F.3d 653, 663 (3d Cir. 2005) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to calculations of the AEDPA statute of limitations).

[8] Even though the Court utilized the date Hawkins filed his motion for IFP, i.e., June 20, 2016, rather than the date the Respondents used, the Petition was "filed" by the Clerk's office,

did not provide a response regarding the timeliness of his petition, leaving the space blank in that section. (ECF No. 8 at 13-14). He also did not complete the Declaration on the pre-printed petition indicating when his placed the petition in the prison mailing system. This omission is significant because pursuant to the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n. 2 (3d Cir. 2013) (quoting *Pabon v. Mahanoy,* 654 F.3d 385, 391 n.8 (3d Cir. 2011). "However, in order to benefit from this rule, 'the inmate is required to make a declaration that sets forth the date of deposit and that first-class postage has been prepaid." *Id*. (quoting *Nara v. Frank,* 264 F.3d 310, 315 n.3 (3d Cir. 2001), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002) (citing Fed.R.App. P. 4(c))." Because Hawkins failed to comply with these prerequisites, he is not entitled to benefit from the federal prisoner mailbox rule.

Moreover, Hawkins does not assert that there has been an impediment to filing his habeas petition caused by state action, that his petition involves a right newly recognized by the Supreme Court of the United States, or that there are new facts which could not have been previously discovered. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

---

i.e., August 4, 2016, Respondents' position is not substantially affected as the Court finds that Hawkins's habeas petition was filed seven (7) days after the AEDPA one-year statute of limitations period expired. "Pleadings are generally considered filed when they are placed in the possession of the court, not when they are ultimately filed by the clerk." MEANS, Postconviction Remedies, § 25:63 (available on WESTLAW, July 2018 update) (citing *Cintron v. Union Pacific R. Co*., 813 F.2d 917, 920 (9th Cir. 1987);Fed.R.Civ.P. 5(d); *Guerrero v. Maddock*, 18 F. App'x 511, 512 (9th Cir. 2001) (unpublished disposition) (petitioner's federal petition was deemed filed for AEDPA statute of limitations purposes on the date the petition was delivered to the clerk and stamped "lodged," not when it was filed by the clerk several days later.)) Regardless, the Court agrees with Respondents that Hawkins' habeas petition is untimely.

Consequently, unless Hawkins is entitled to equitable tolling, his petition for habeas relief is untimely.[9]

**C.     Equitable Tolling**

The Supreme Court of the United States has decided that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634 (2010).  However, the Court of Appeals for the Third Circuit has held that "courts should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted); *see also Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Equitable tolling is thus only appropriate when "'the principles of equity would make the rigid application of a limitation period unfair,' such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava,* 398 F.3d at 276 (quoting *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir. 1998)). "Due diligence does not require 'the maximum feasible diligence;'" but "it does require reasonable diligence in the circumstances." *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir.

---

[9]     While this may seem a harsh result in a case where a pro se petitioner was seven days late in filing, courts have consistently declined to excuse petitions that are even a day late.  *See Garrick v. DiGuglielomo*, 162 F. App'x 122, 122-25 (3d Cir. 2005) (affirming dismissal of habeas petition as untimely by six days where the petition failed to establish the application of equitable tolling); *Brown v. United States*, Civ. 10-2784 JBS, 2011 WL 2148181, at *3 (D.N.J. May 31, 2011) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere.") (internal citations omitted); *Deangelis v. Rozum*, Civ. 13-7240, 2015 WL 440012 (E.D.Pa. July 18, 2015( (two days late); *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002) ("AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions . . . We consistently deny tolling even where the petition was only a few days late.").

2004) (internal citations omitted). "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava,* 398 F.3d at 277. "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano,* 712 F.3d 784, 799-800 (3d Cir. 2013) (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003); *Doe v. Menefee,* 391 F.3d 147, 177 (2d Cir. 2004)).

Hawkins has not responded to Respondents' arguments that equitable tolling should not apply in this case. Because Respondents raised the affirmative defense of the statute of limitations, and because Hawkins has been put on notice of a statute of limitations defense, it is appropriate to place some burden on him to show why the statute of limitations has not run. *See e.g., Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002) ("The purpose of requiring the defendant to plead affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed."). Hawkins has not met that burden of coming forward with anything to show why the statute of limitation has not run. Nor has he argued for any equitable tolling, notwithstanding that Hawkins was apprised that the time bar would be an issue by Respondents' Answer. (ECF No. 16 at 17 - 19.)

After careful consideration of the submissions of the parties, the Court finds that Petitioner fails to demonstrate extraordinary circumstances to justify equitable tolling and, as a

result, there is no basis for the Court to apply equitable tolling to the statute of limitations in this case.[10]

### III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability will be denied.

---

[10] Because Petitioner has failed to demonstrate that some extraordinary circumstance prevented him from timely filing his federal habeas petition, it is not necessary for the Court to examine whether Petitioner pursued his rights diligently. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently <u>and</u> (2) that some extraordinary circumstance stood in his way and prevented timely filing." (emphasis added) (internal quotation marks omitted).

**IV.	Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus is time-barred and no tolling applies to remedy the untimeliness. A certificate of appealability will be denied. A separate Order follows.

Dated:  November 1, 2018

> BY THE COURT:
>
> s/ Cynthia Reed Eddy
> Cynthia Reed Eddy
> Chief United States Magistrate Judge

cc:	TRAVIS HAWKINS
	JX 4655
	S.C.I. Fayette
	P.O. Box 9999
	LaBelle, PA 15450
	(via U.S. Postal Service, First Class Mail)

	Ronald M. Wabby, Jr.
	Office of the District Attorney
	(via ECF electronic notification)